```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---
YAAKOV G. VANEK,

                Plaintiff,        23-cv-3127 (JGK)

      - against -           **MEMORANDUM OPINION AND ORDER**

SAMSUNG EMS CO. LTD., ET AL.,

                Defendants.
---

**JOHN G. KOELTL, District Judge:**

The Court has received the Report and Recommendation by Magistrate Judge Robyn F. Tarnofsky, dated October 15, 2024, which recommends that: (1) the Court's February 13, 2024 order entering default judgment (ECF No. 46) be vacated; (2) the Certificate of Default (ECF No. 34) be stricken; and (3) the case be dismissed with prejudice.

The Court found that the defendants had failed to respond to the complaint in this action and the Clerk entered certificates of default against the defendants. The Court then referred the case to the Magistrate Judge for an inquest on damages. In the course of conducting an inquest on damages, the Magistrate Judge asked for further submissions by the plaintiff.

Ultimately, the Magistrate Judge concluded that the plaintiff had failed to show that the defendants were adequately served in this case and therefore, the complaint should be dismissed for want of personal jurisdiction over the defendants.

1

The Magistrate Judge proceeded to determine that, at least with respect to some of the defendants, the exercise of personal jurisdiction would not comport with constitutional due process principles. The Magistrate Judge further concluded that the complaint failed to allege a basis for subject matter jurisdiction because the complaint failed to state a cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the only federal statute that was asserted, and that any attempt to plead an amended complaint under RICO would be futile. The Magistrate Judge also determined that the Court should decline to exercise supplemental jurisdiction over the state-law claims. Finally, the Magistrate Judge recommended that the complaint be dismissed with prejudice.

The plaintiff objects to the Report and Recommendation of the Magistrate Judge. In particular, the plaintiff alleges that the Report and Recommendation goes far beyond this Court's reference to the Magistrate Judge for an inquest on damages. However, in an inquest on damages following the entry of a default judgment, while the Magistrate Judge is required to accept the well-pleaded allegations of the complaint for purposes of liability, the Magistrate Judge is not required to accept that there is personal jurisdiction over the defendants or that the well-pleaded allegations of the complaint state a cause of action. See, e.g., Sinoying Logistics Pte Ltd. v. Yi Da

Xin Trading Corp., 619 F.3d 207, 214 (2d Cir. 2010) (concluding that a court may sua sponte dismiss an action for lack of personal jurisdiction when considering whether to enter a default judgment); Hood v. Ascent Med. Corp., No. 13-cv-628, 2016 WL 3453656, at *1 (S.D.N.Y. June 20, 2016) (concluding that, where the district court had referred the action to the Magistrate Judge for a damages inquest after granting a default judgment, the Magistrate Judge "did have the authority to consider personal jurisdiction sua sponte"), aff'd, 691 F. App'x 8 (2d Cir. 2017); Chen v. Best Miyako Sushi Corp., No. 16-cv-2012, 2021 WL 707273, at *8–12 (S.D.N.Y. Feb. 1, 2021) (recommending, on an inquest into damages, that no default judgment be entered against the defendants because the Court lacked personal jurisdiction over the unserved defendants and the plaintiffs' allegations as to the remaining defendant failed to state a claim), report & recommendation adopted, 2021 WL 706412 (S.D.N.Y. Feb. 19, 2021).

In this case, the Magistrate Judge shows persuasively that the plaintiff never established personal jurisdiction over the defendants based on valid service of process. That is sufficient to dismiss the complaint for lack of proper service. See, e.g., Kwan v. Schlein, 441 F. Supp. 2d 491, 496–97 (S.D.N.Y. 2006) (dismissing claims for insufficient service of process); Fed. R. Civ. P. 12(b)(5) & 12(b)(2). And because the requirements of

3

service were not satisfied, personal jurisdiction over the defendants was never established. See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

However, a dismissal based on lack of proper service or lack of personal jurisdiction is a dismissal without prejudice. It would be wrong to dismiss the case with prejudice when the Court never acquired personal jurisdiction over the defendants, and the plaintiff could attempt to serve the defendants properly and to acquire personal jurisdiction over them. See, e.g., In re South African Apartheid Litig., 643 F. Supp. 2d 423, 431-32 (S.D.N.Y. 2009) ("Absent perfected service, a court lacks jurisdiction to dismiss an action with prejudice; therefore dismissal pursuant to Rule 12(b)(5) must be without prejudice."). Similarly, although the Report and Recommendation concludes that the plaintiff has failed to allege a sufficient claim under RICO and that the plaintiff cannot do so, the Second Circuit Court of Appeals has often stated that generally the dismissal of a complaint for failure to plead a cause of action should be without prejudice to the ability of the plaintiff to attempt to cure any defects with an amended complaint. See, e.g., Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2d Cir. 1990)

("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." (internal citation omitted)).

Therefore, for the reasons stated in the Report and Recommendation with respect to the lack of adequate service, the Complaint is **dismissed without prejudice**. The Clerk is directed to enter judgment dismissing this case without prejudice. The Clerk is also respectfully directed to close this case and to close all pending motions.

**SO ORDERED.**

**Dated:**    **New York, New York**
            **November 26, 2024**

                                        **John G. Koeltl**
                                  **United States District Judge**